**Darren HENDERSON, Plaintiff–Appellant,**

v.

**T. FELKER, Warden;  et al., Defendants–Appellees.**

**No. 08–15844.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Oct. 5, 2009.

Darren Henderson, Susanville, CA, pro se.

Jessica Devencenzi, Supervising Deputy Attorney General, AGCA—Office of the California Attorney General (SAC), Sacramento, CA, for Defendants–Appellees.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Darren Henderson, a California state prisoner, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Hearns v. Terhune,* 413 F.3d 1036, 1040 (9th Cir.2005), and we affirm in part, vacate in part, and remand.

In his opening brief, Henderson fails to address, and therefore waives any challenge to, the district court's dismissal of his claims against defendants Cox, French, and Wolf, and his claim against defendant Roche premised on Roche's alleged failure to provide medication. *See Martinez–Serrano v. INS,* 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues not specifically raised and argued in a party's opening brief are waived). Accordingly, we affirm the dismissal of those claims.

However, we vacate the judgment to the extent it dismisses the claims alleging that defendants Dovey, Felker, and Roche executed and enforced unconstitutional policies pertaining to the treatment of diabetic inmates. The district court dismissed the claims in part because the California Department of Corrections and Rehabilitation's policies and procedures for treating diabetic inmates were previously found to meet the constitutional standard of care. Because we can find no support in the record for that conclusion, we vacate the judgment dismissing these claims against Dovey, Felker, and Roche, and remand for further proceedings. On remand, the district court should consider, independent of *Plata v. Schwarzenegger,* whether Henderson's amended complaint states a claim against those defendants,

and if not, whether leave to amend is appropriate. *See Lopez v. Smith,* 203 F.3d 1122, 1130–31 (9th Cir.2000) (en banc) (stating that leave to amend should be granted if it appears at all possible that a pro se plaintiff can correct the defect in the pleading).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

